Kassenoff v Kassenoff (2023 NY Slip Op 00849)

Kassenoff v Kassenoff

2023 NY Slip Op 00849

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-06187
 (Index No. 58217/19)

[*1]Allan Kassenoff, respondent,
v
Catherine Kassenoff, appellant.

Harold R. Burke, West Harrison, NY, for appellant.
Dimopoulos & Bruggemann P.C., Tuckahoe, NY (Gus Dimopoulos and Michael Chiaramonte of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Westchester County (Nancy Quinn Koba, J.), dated July 11, 2020. The order, insofar as appealed from, denied the defendant's motion, inter alia, to compel the plaintiff to return or destroy certain electronic communications between the defendant and nonparty Cynthia Monaco.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2019, the plaintiff commenced this action for a divorce and ancillary relief. In June 2019, the plaintiff moved, inter alia, for temporary sole legal and physical custody of the parties' three children, relying on certain text messages between the defendant and nonparty Cynthia Monaco, a friend of the defendant and an attorney. The defendant then moved, among other things, to compel the plaintiff to return or destroy those electronic communications between her and Monaco, on the basis of the attorney-client privilege. In an order dated July 11, 2020, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals.
"Article 45 of the CPLR contains, inter alia, the evidentiary privileges based on confidential communications between, among others, attorney and client" (Siegel v Snyder, 202 AD3d 125, 131; see CPLR 4503). "The attorney-client privilege shields from disclosure any confidential communications between an attorney and his or her client made for the purpose of obtaining or facilitating legal advice in the course of a professional relationship" (Ambac Assur. Corp. v Countrywide Home Loans, Inc, 27 NY3d 616, 623). "The critical inquiry is whether, viewing the lawyer's communication in its full content and context, it was made in order to render legal advice or services to the client" (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 379). The party asserting the privilege has the burden of demonstrating that it is applicable (see Wrubleski v Mary Imogene Bassett Hosp., 163 AD3d 1248).
Here, the Supreme Court properly determined that the defendant failed to establish that an attorney-client relationship existed between her and Monaco, and that the subject electronic communications were therefore privileged based on such a relationship (see Saran v Chelsea GCA Realty Partnership, L.P., 174 AD3d 759; Nacos v Nacos, 124 AD3d 462).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant's motion, inter alia, to compel the plaintiff to return or destroy the subject electronic communications.
CHAMBERS, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court